DUSENBURY and others *vs.* THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. When land owners stand by and permit street improvements to be made by a contractor in violation of his contract, and permit the authorities to pay for such improvements, equity will not enjoin the authorities from enforcing payment of assessments made therefor, under authority of the charter.

2. As a general rule, equity will not interfere to restrain the collection of an assessment which is illegal or void, merely because of its illegality; there must be some special circumstances attending the injury threatened to bring the case within some recognized head of equity jurisprudence; otherwise, the person aggrieved will be left to his remedy at law.

3. The objection that the party has never had an adequate remedy at law, cannot avail him in this case; the reasons considered.

On order to show cause why injunction should not be issued.

*Mr. J. W. Taylor,* for the complainants.

*Mr. W. H. Francis,* for defendants.

THE CHANCELLOR.

The complainants are owners of land on the line of Fairmount avenue, in the city of Newark, assessed under the pro-

visions of the charter of that city, for a part of the expenses
of regulating that avenue and curbing and flagging the side-
walks thereof. The work was done under an ordinance of
the common council, passed in or about the month of June,
1869. The contract for it was made on or about the 17th of
September, in that year. It provided that the whole work
should be completed on or before the 1st of November next
following. It was not finished, however, according to the
statement of the bill, until late in the year 1872. The com-
plainants allege that the work and materials were not in
accordance with the stipulations of the contract in that behalf,
but were of an inferior quality, and that they from time to
time during the work, vainly remonstrated against the dis-
regard of the contract. The total cost of the work was
$33,670.24, which was paid in installments by the city to the
contractor in full, the last payment having been made on or
about the 2d of November, 1872. The complainants allege
that the assessments levied on their land were made without
regard to the benefit derived from the improvement, but the
whole cost of the work was assessed upon them and the other
owners of land on the line of the avenue, in proportion to the
number of linear feet owned by them. The bill charges
fraudulent collusion between the contractor and the city
authorities in the disregard of the provisions of the contract
as to the work and materials, and prays that the city may be
enjoined from enforcing payment of the assessments against
the complainants' property, by sale of the property under the
provisions of the charter, until the cost of the improvement
shall have been reduced by proper deductions to correspond
with the inferior quality of materials and workmanship, and
until the assessments shall have been made and imposed with
respect and in proportion to the ascertained benefits. On the
filing of the bill, an order to show cause why an injunction
should not be issued according to the prayer of the bill, was
made, with an *interim* injunction. This case is similar in its
facts to the cases of *Bond* v. *Mayor, &c., of Newark*, 4 *C. E.*
*Green* 376, and *Liebstein* v. *Mayor, &c., of Newark*, 9 *C. E.*

*Green* 200, and on the principle of those cases, the order to show cause must be discharged. The complainants' application to this court for relief, was not made until nearly a year and a half after the last payment was made upon the contract. For the reasons on which the decision of those causes was based, the complainants cannot successfully invoke the aid of this court in respect either to the negligence or fraud of the contractor or the city authorities in the performance of the work. The complainants, however, insist that if they are not entitled to relief on those grounds, they are entitled to it on the ground that the assessments made upon their lands have been made on a principle not only unjust, but in contravention of their constitutional rights, and which has been condemned by the Court of Errors and Appeals in its recent decision in The State, Agens and others, pros., *v.* The Mayor, &c., of Newark. But the complainants had an adequate remedy at law by *certiorari*, of which they might have availed themselves. This court, therefore, will not interfere to prevent the city from enforcing payment of the assessments. As a general rule, equity will not interfere to restrain the collection of a tax which is illegal or void, merely because of its illegality, but there must be some special circumstances attending the injury threatened, to bring the case within some recognized head of equity jurisprudence; otherwise the person aggrieved will be left to his remedy at law. *High on Injunctions*, § 354. This rule, with its exceptions, was recognized in *Morris Canal and Banking Company* v. *Jersey City*, 1 *Beas.* 252, and in *Liebstein* v. *Mayor, &c., of Newark*. But, it is insisted that in this case, the complainants have never had an adequate remedy at law, for during the whole period within which they might have brought a *certiorari*, the decisions of the Supreme Court on the constitutional question involved in this case stood adverse to their claim, so that recourse to that tribunal would have been unavailing, whereas, by the decision in The State, Agens and others, prosecutors, *v.* Mayor, &c., of Newark, the ruling of the Supreme Court, as it stood during the period above alluded

to, was not sustained. This suggestion cannot avail the complainants, for in the first place, *non constat*, that the Supreme Court would not have granted the complainants the relief to which, according to the last mentioned case, they were entitled. In the next place, the remedy at law included recourse to the court of final resort; and lastly, and principally, the question whether the complainants had an adequate remedy at law, depends on the question, whether in that forum, appropriate relief might have been administered, had the complainants appeared to have been entitled to it.

The order to show cause will be discharged and the bill dismissed, with costs.